John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq. Bar No. 218752
John Paul Teague, Esq. Bar No. 254249
**SMAHA LAW GROUP**
7860 Mission Center Court, Suite 100
San Diego, California 92108
Telephone:   (619) 688-1557
Facsimile:   (619) 688-1558

Attorneys for Debtor, LiquidBreaker, LLC

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LIQUIDBREAKER, LLC,<br><br>                    Debtor. | Case No. 12-12559-CL11<br>Chapter 11<br><br>**DEBTOR'S *EMERGENCY MOTION* FOR ORDER TO SHOW CAUSE WHY FALCON WATERFREE TECHNOLOGIES, LLC SHOULD NOT BE HELD IN CONTEMPT OF COURT AND SUBJECT TO SANCTIONS AND TO DETERMINE THAT THE STATE COURT ORDER IS STAYED BEYOND THE BOUNDARY OF CALIFORNIA**<br><br>JUDGE:   Hon. Christopher B. Latham<br>DEPT.:    5 – Room 318 |

**PLEASE NOTE THAT THIS IS AN EMERGENCY MOTION FILED PURSUANT TO SECTION 9014-5 OF THE LOCAL BANKRUPTCY RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA. ANY PARTY IN INTEREST WHO OPPOSES THIS MOTION MUST IMMEDIATELY NOTIFY THE JUDGE'S LAW CLERK, MATTHEW STEPHENS, BY CALLING 619-557-7419. NO WRITTEN OPPOSITION IS REQUIRED TO BE FILED UNLESS THE COURT OTHERWISE DIRECTS.**

COMES NOW Debtor and Debtor-in-Possession, LiquidBreaker, LLC (the "Debtor"), and hereby requests that the court enter an order to show cause ("OSC") why Falcon Waterfree Technologies, LLC ("Falcon") should not be held in contempt of 11 U.S.C. § 362 and this Court and subject to sanctions for violation of the automatic stay and willful violation of this Court's directive to meet and confer on any order issuing a preliminary injunction as set forth on the record at the

1  October 23, 2012 hearing on Falcon's Emergency Motion for (1) Relief from Automatic Stay, and
2  (2) Entry of an Injunction Identical to Injunction Previously Approved by the State Court (the
3  "Falcon Motion"). The Debtor seeks a further order that the automatic stay applies to any orders
4  issued in the state court action that purport to apply outside California, as explained herein.

5        On November 13, 2012, without consulting opposing counsel, Falcon filed a proposed order
6  with the state court along with a "notice" that was incomplete and failed to apprise the state court
7  of this Court's full order as modified on the record, and the proferred order was entered on the same
8  day it was filed. The order, which, as read, purports to force the Debtor to cease selling its products
9  anywhere in the world, has been executed by Judge Casserly. The Debtor submits that Falcon
10 willfully misled the state court by failing to apprise it of this Court's opinion and drafted an order
11 with extraterritorial reach that exceeds the jurisdiction of the state court and constitutes an
12 unreasonable prior restraint of trade. This order also violates the automatic stay of 11 U.S.C. § 362
13 in that it exceeded the authority this Court granted to Falcon to adjudicate its state law claims.

14       Debtor has previously warned Falcon and this Court that the proposed order would constitute
15 an overreaching violation of the Debtor's constitutional rights and its rights as a debtor in
16 bankruptcy. Nevertheless, Falcon ignored those concerns and the opinion of this Court, and
17 submitted the same order to the newly assigned state court judge.

18       This Court provided that if an order was entered that went beyond the borders of California
19 in scope, and sought to cover non-California jurisdictions, then the Debtor could come to this Court
20 with its metaphorical "hair on fire". At this time, the Debtor's hair is on fire, and emergency relief
21 is appropriate because the order, on its face, appears to be a global shut down order and, if applied
22 in that manner, would immediately force the Debtor to close its doors.

23                                **I.**

24                         **BACKGROUND**

25       The underlying dispute between Falcon and the Debtor centers on Falcon's argument that
26 selling a waterless urinal cartridge with a "C" classification from the International Association of
27 Plumbing and Mechanical Officials ("IAPMO") constitutes an "unfair business practice" under
28 California law because of a liquid trap requirement in the California Plumbing Code ("CPC") and

the Debtor's cross-complaint for, *inter alia*, false advertising. The state court action is styled *Falcon Waterfree Technologies, LLC v. Giovanni Fima, et al.* (Case No. 37-2012-00053834-CU-BT-NC) pending in Department N-31 of the San Diego Superior Court - North County Division, before Judge Casserly after the prior judge was transferred to another state court division (the "Civil Action").

The Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on September 13, 2012. The pending state court action was removed to this Court on that same day (Docket Entry No. 6), instituting Adversary Proceeding No. 12-90372-CL. Falon's Motion was filed on an emergency basis on October 15, 2012 (Docket Entry No. 38). Rather than grant the relief requested by Falcon, this Court issued a tentative ruling that suggested the Court was inclined to issue a sua sponte remand of the adversary proceeding pursuant to 28 U.S.C. § 1452(b). The Court recognized at the time of the hearing on Falcon's Motion that the state court's minute order was not final and that the parties had not "finished the process of negotiating the kind of translation of the minute order into a final order." (Transcript of October 23, 2012 hearing ("Transcript") at 24:22-24; a true and correct copy of the Transcript is attached to the Declaration of John Paul Teague ("Teague Decl.") as Exhibit "C".) The Court also addressed a number of the Debtor's concerns regarding the proposed order that Falcon was asking this Court to enter:

> And I understand your position when you say that you cite cases I think that are persuasive to say that California Courts can't enforce 17200, or the Unfair Competition Law, to the benefit of consumers in other places. And I don't think that that's going to happen. If that did happen, I would expect you would come back here.
>
> And I don't think that anybody or the movant is going to sue you in any other state, because the automatic stay is in effect here. So I think that addresses both of your concerns; one, that the California court's authority, I think you'll be able to persuade it as you craft the injunction to be entered there to say that this only covers California residents. This is not Arizona, this is not Texas, this is not Israel, this is not Brazil. And you're going to have an early warning system if anybody sues your client in another state involving this. Then you can come to me with your hair on fire, and I trust you, I'll pay close attention.
>
> (Transcript at 47:6-24)
> . . .
> I think you'll be able to protect your client's interests in the meet and confer process as you craft the order in the state court and that you know that there will be no monetary or any other enforcement except here.
>
> (Transcript at 49:20-24)
> . . .

> I mean, this is going to limit the collateral estoppel effect of what the California court does in all likelihood because of the unique qualities of the California unfair competition law.

(Transcript at 50:5-8)

. . .

> . . . We'll keep close tabs on what the state court does, and hopefully you'll be able to work through the meet and confer process and get something that your client can live with and soon in the form of [a] final order.

(Transcript at 50:25-51:4)

The Court modified its tentative ruling as stated on the record to grant a limited relief from the automatic stay for Falcon to adjudicate the California state court action, while specifically reserving to itself any issue of enforcement. (Docket Entry Nos. 56 and 57)

Following the hearing, no effort to meet and confer was made by counsel for Falcon even though Debtor's counsel attempt to get the ball rolling in that regard on October 14, 2012. (Declaration of John L. Smaha at ¶¶ 2-3 and Exhibit "A".) After not getting any effort on the order, on November 7, 2012, the Debtor filed a "Motion for Reconsideration of Order on Plaintiff / Cross-Defendant Falcon Waterfree Technologies, LLC's Motion for Preliminary Injunction; Clarification of Application of Alternative Method Provisions; and to Establish Procedures for Approval of Local Building Officials" (the "Reconsideration Motion"), with a hearing date set for December 21, 2012 and alternate proposed order on the preliminary injunction limiting the scope and effect to California. (Teague Decl. at Exhibit "E".) Then, on November 13, 2012, Falcon filed a "Notice of The United States Bankruptcy Court's Order On Falcon Waterfree Technologies, LLC's emergency motion for (1) Relief From Automatic Bankruptcy Stay, and (2) Entry of an Injunction Identical to Injunction Previously Approved by the State Court" with a copy of the proposed order. ("State Court Notice"; see Teague Decl. at Exhibit "D".) Before the Reconsideration Motion could be heard, the global cease and desist order (the "Injunction Order") was entered, apparently on the same day it was filed. (Teague Decl. at ¶ 3 and Exhibit "F".)

As drafted, the order has no jurisdictional limits, but at the same time has an exception for compliance with the Alternative Methods provisions of the California Plumbing Code, sections 1.2.2 and 301.2 via approval of "an Authority Having Jurisdiction." Although counsel for Debtor have notified Falcon of its potential stay violation as well as this emergency motion, Falcon, through Mr.

DEBTOR'S EMERGENCY MOTION FOR ORDER TO SHOW CAUSE WHY FALCON WATERFREE TECHNOLOGIES, LLC SHOULD NOT BE HELD IN CONTEMPT AND SUBJECT TO SANCTIONS...

4

Vilaplana, has denied any issue with a shut down order, as long as Falcon did not institute another action to get, as well as defined any obligation on his part to meet and confer on the form of any order. (Teague Decl. at Exhibits "A" and "B".) The Debtor's attempt to stipulate to clarify the order before the state court was met with rejection. For such knowing and willful conduct, Falcon should be held in contempt of this Court and subject to sanctions.

## II.
## RELIEF REQUESTED

This Emergency Motion seeks an order to show cause as to whether Falcon should be held in contempt of court and subject to sanctions for willfully violating an order of this Court. Debtor respectfully requests that the Court set a hearing date for the order to show cause to be heard. Debtor requests the order to show cause issue requiring Falcon to show cause as to why it should not be sanctioned under this Court inherent authority to enforce the Bankruptcy Code and its express directives. Specifically, the Debtor requests that this Court: (1) Issue an Order Clarifying that the Injunction Order, to the extent it purports to apply outside California (or worldwide) is subject to the automatic stay and of no force and effect; and (2) Issue an Order to Show Cause why Falcon should not be Held in Contempt for willful violation of the stay and this Court's directives.

To the extent the exception in the Injunction Order for Alternate Methods qualification is unduly vague and burdensome on the Debtor's business, the Debtor has already sought relief in the state court and a hearing on the Reconsideration Motion is set for December 21, 2012. Debtor respectfully requests that no enforcement action be taken pending hearing on the Debtor's motion.

## III.
## BASIS FOR RELIEF REQUESTED

A.  *Contempt is Appropriate for Falcon's Knowing and Willful Violation of a Court Order*

Contempt can be defined as a willful disregard or disobedience of a public authority. (BLACK'S LAW DICTIONARY 390 (4th ed. 1976).) Civil contempt is the type of conduct which impedes the progress of justice, which is in violation of a court order, or is an act against the party in whose behalf the court's order was issued. (*Clay v. Water* (8th Cir. 1910) 178 F. 385; see also *N.L.R.B. v. Blevins Popcorn Co.*, 659 F.2d 1173 (D.C. Cir.1981).) Any sanction imposed by the

court which is intended to coerce compliance with the court's ruling is a civil contempt sanction. 11 U.S.C. § 105(a) is the most commonly cited source for the bankruptcy court's contempt power. (See *Matter of Inten. Institute of The Americas, Inc.* (D. Puerto Rico 1986) 63 B.R. 294, 299 ["The purpose of section 105(a) is to give the Court the power to protect its custody of the estate and the administration thereof."].) A willful violation of the automatic stay can also be punished as civil contempt. (*In re Goodman* (9th Cir. 1993) 991 F.2d 613, 619–620; see FRBP 9020; *In re Rainbow Magazine, Inc.* (9th Cir. 1996) 77 F.3d 278, 284–285 -bankruptcy courts have civil contempt power.)

With regard to civil contempt, the ability to insure progress in its proceedings is an integral part of an independent judiciary. (*Gompers v. Buck's Stove & Range Co.*, (1911) 221 U.S. 418.) As a practical matter, a court must have significant latitude to fashion a sanction to motivate the contemnor to comply with the court's order. In apparent recognition of this fact, Congress has not legislated many restrictions on this type of contempt authority. Although there are some statutes which govern a court's prerogatives in special situations, there are virtually no statutory restrictions which limit the civil contempt power. (See ergo, 28 U.S.C. § 1826.)

The test for willfulness is (1) whether the contemnor was aware of the order (or automatic stay), and (2) whether the contemnor intended the action that violated the order. (See *In re Henry* (Bankr. C.D. Cal. 2001) 266 B.R. 457; see also *Matter of Hailey* (5th Cir. 1980) 621 F.2d 169, 172.) A willful violation of an order of the court will warrant a finding of contempt. (See *In re Lowthorp* (Bankr. M.D. Fla. 2005) 332 B.R. 656.) Here, Falcon willfully ignored both the automatic stay as to non-California conduct, and this Court's oral statements that modified its tentative ruling concerning the jurisdiction limits of any injunction based solely on California law. (See *In re Gurrola* (B.A.P. 9th Cir. 2005) 328 B.R. 158 [To extent that creditor's violation of discharge injunction occurred with notice thereof, it was subject to contempt remedy pursuant to bankruptcy court's authority to enter "necessary or appropriate" orders.].)

B.   *Sanctions are Just and Appropriate Against Falcon*

Bankruptcy courts have inherent power to sanction vexatious conduct. (11 U.S.C. § 105(a); see also *In re Marvel* (N.D. Cal. 2001) 265 B.R. 605.) Included in that power, is the authority to take any action or make any determination "necessary or appropriate to enforce or implement court orders

DEBTOR'S EMERGENCY MOTION FOR ORDER TO SHOW CAUSE WHY FALCON WATERFREE TECHNOLOGIES, LLC SHOULD NOT BE HELD IN CONTEMPT AND SUBJECT TO SANCTIONS...

6

or rules. . ." (*Id.*) In *In re Henry*, the district court referred several issues to the bankruptcy court for determination, including where a first mortgage holder's collection activities after Chapter 7 debtors violated the automatic stay. (See *In re Henry* (Bankr. C.D. 2001) 266 B.R. 457.) In assessing punitive damages for the mortgage holder's willful violations, the court stated as follows:

> In determining the appropriate amount of punitive damages, the court is entitled to consider a defendant's policies, practice and procedures . . . . [Citations omitted] An award of punitive damages should be based on the gravity of the offense and set at a level sufficient to insure that it will punish and deter. (*Id.* at 482.)

Punitive damages are an adjunct to compensatory damages in civil litigation, they are not criminal in nature. (*In re Henry*, supra, 266 B.R. at 481.) Although much of the case law is concerned with willful violations of the automatic stay, the same principles apply here. This Bankruptcy Court has discretion in granting an award of punitive damages for a creditor's willful violation of the automatic stay; what are "appropriate circumstances" for awarding punitive damages is left to the court's discretion. (See *In re Stinson*, (B.A.P. 9th Cir. 2003) 295 B.R. 109, aff'd in part, rev'd in part on other grounds, 128 Fed. Appx. 30 (9th Cir. 2005).) This Court should consider that circumstances and award an appropriate amount of sanctions against Falcon to deter such conduct.

The Debtor and this Court have now been faced with a simple question: Did Falcon exceed its relief from the automatic stay when it continued to pursue what is effectively a global shut down order of a competitor on the basis of California law alone? Certainly, the bankruptcy estate is not served by such conduct, and there is and was no excuse for Falcon's blatant refusal to meet and confer on the form of any order with opposing counsel prior to submission of the order. Falcon's conduct poses undue burdens on the Debtor's ability to operate and clearly violates the parade of horribles that was raised by the Debtor at the hearing on Falcon's motion.

As drafted, the inherent vagueness and lack of jurisdictional scope causes undue prejudice to the Debtor as it struggles to comply with its legal obligations. Falcon's bankruptcy counsel accused the Debtor of wanting this Court "to be the plumbing code Czar for the United States in every jurisdiction in which they want to sell their product . . . county by county, school district by school district . . ." (Transcript at 32:17-21.) Yet, that is *exactly* what Falcon has asked of the state court judge in *refusing* to set a jurisdictional limit on its order and eliminating the undue vagueness

in the compliance exception for the plumbing codes Alternative Methods provisions. Although, counsel admitted that the matter "is completely state law, Health and Safety and Uniform Plumbing Code as adopted in California. The matter is in California." (Transcript at 33:11-13.)

Falcon could have communicated informally with Debtor's counsel or formally through appearance at the October 23, 2012 hearing or at anytime thereafter. Yet it has simply ignored the Debtor and this Court. It had no right to ignore the automatic stay and this Court's opinion as stated on the record, and submit the same shut down order for a competitor .[1] Falcon has flagrantly violated a court order, and a reasonable and just measure of damages is the expense incurred by the Debtor in pursuing the relief herein, any sales lost as a result thereof, as well as issuance of an order determining that the Injunction Order is subject to the automatic stay to the extent it purports to apply outside of California. Finally, the Injunction Order as drafted is unduly vague and ambiguous language, posing an undue hardship on the Debtor, and the Debtor has sought clarification from the state court concerning Falcon's term "Authority Having Jurisdiction" and qualification as an Alternate Method under the CPC.

## IV.

## NOTIFICATION OF EMERGENCY MOTION

The Debtor has personally served notice of this emergency motion on Falcon's counsel, Victor Vilaplana, Esq., and provided telephonic notice of this emergency motion in compliance with LBR 9015-5(a). (Teague Decl. at ¶ 11.)

///
///
///
///
///
///

---

[1] Any argument concerning public safety is belied by the admitted lack of evidence, and the Debtor previously submitted evidence that the Debtor's product is actually safer than its competitors' products, including those of Falcon.

///

## V.

## CONCLUSION

Debtor respectfully requests that the Court enter the proposed order filed herewith, or a similar order, requiring Falcon to show cause why it should not be held in contempt of Court and subject to sanctions. Debtor requests sanctions to include: (1) Issue an order that the Injunction Order is subject to the automatic stay to the extent to purports to enjoin conduct outside California; and, upon an appropriate showing and opportunity to be heard, (2) awarding monetary sanctions against Falcon for willful violation of the stay and this Court's directives.

Dated: November 28, 2012        /s/ *John L. Smaha*
                                John L. Smaha, Esq.
                                *Attorney for Debtor and Debtor-in-Possession,* LiquidBreaker, LLC

W:\LiquidBreaker\Emergency Motion -- Sanctions\101.Emergency.Motion_Sanctions.wpd