TENTATIVE RULING
ISSUED BY JUDGE CHRISTOPHER B. LATHAM

Debtor: LIQUIDBREAKER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

Number: 12-12559-CL11

Hearing: 02:00 PM  Wednesday, December  5, 2012

Motion: EMERGENCY MOTION FOR OREDER TO SHOW CAUSE WHY FALCON WATERFREE TECHNOLOGIES LLC SHOULD NOT BE HELD IN CONTEMPT OF COURT AND SUBJECT TO SANCTIONS AND TO DETERMINE THAT THE STATE COURT ORDER IS STAYED BEYOND THE BOUNDARY OF CALIFORNIA FILED BY DEBTOR LIQUIDBREAKER LLC


The court has reviewed Debtor's emergency motion for: (1) an order to show cause why Falcon Waterfree Technologies, LLC ("Falcon") should not be held in contempt; and (2) a determination that the state court preliminary injunction is stayed beyond the boundary of California (the "Motion").  [ECF No. 76].  The court has also reviewed Falcon's opposition to the Motion, which asks for attorney fees and costs (the "Opposition").  [ECF No. 77].  For the following reasons, the court **denies** both Debtor's Motion and the Opposition's request for attorney fees and costs.

## The Motion

Debtor seeks an order to show cause why Falcon should not be held in contempt for willful violation of the automatic stay and this court's directives.  Debtor alleges that Falcon willfully violated the automatic stay by submitting an injunctive order with "extraterritorial reach that exceeds the jurisdiction of the state court and constitutes an unreasonable prior restraint of trade."  [ECF No. 76 at 2:11].  Debtor further claims that Falcon violated this court's directive to meet and confer over the injunctive order's terms.  [ECF No. 76 at 1:27].  The court finds that Falcon violated neither the automatic stay nor the court's directive.

The court's October 23, 2012 order specifically granted "relief from the automatic stay . . . to allow the California state courts to proceed with adjudication of the Civil Action, including: (1) determining whether and upon what terms a preliminary or permanent injunction should be issued against Debtor . . . ."  [ECF No. 56].  Falcon acted within the scope of the relief allowing adjudication of the Civil Action when it submitted its injunctive order.  This court specifically left to the state court the determination of the injunction's terms.  Debtor is correct that the injunction, in its present form, sets no explicit jurisdictional limits.  But neither does it assert global applicability.  It is vague in this regard, and interpretation of the state court's order should likewise be left to the state

court. Under the *Rooker-Feldman* doctrine, this court will not dictate to the state court the contours of its own injunction in what amounts to a de facto appeal. *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003). Debtor has filed a motion for reconsideration of the injunction in the state court, and it is free to follow through with review of the order in the California courts. Regardless, the terms of the state court's order do not violate the automatic stay. And Debtor has not alleged a stay violation with respect to *enforcement* of the preliminary injunction.

Further, the court did not explicitly *order* the parties to meet and confer. Rather, it expressed its expectation that the parties would negotiate over the terms of the injunction order to be submitted to the state court. [ECF No. 77 at 50:22; 59:20]. To the court's disappointment, this did not happen – a lapse for which both parties are to blame. But the failure to meet and confer, though regrettable, was not technically a violation of the court's directive.

Accordingly, the court **denies** Debtor's Motion.

The court also notes that Debtor has misconstrued the court's statement at the October 23, 2012 hearing about coming to this court with its metaphorical "hair on fire." [ECF No. 77 at 57:22]. This language arose in the context of possible suits against Debtor in other jurisdictions and the need for a national forum to address the substance of such suits. [ECF No. 77 at 55:25]. With respect to other legal actions, the court explained that: (1) the automatic stay protects Debtor; and (2) should such actions arise, Debtor may come to this court – hair ablaze – to remedy a stay violation. [ECF No. 77 at 57:13]. Debtor has not asserted that it has been sued in another state. And so the court's statements that Debtor cites do not support its emergency motion.

### The Opposition

Falcon requests attorney fees and costs for responding to Debtor's Motion, which it alleges has no emergency basis at all. Falcon urges that Debtor is therefore subject to discipline under Local Bankruptcy Rule 9014-5(f). Although that Rule allows the court to discipline parties that present unnecessary emergency motions, such sanctions are discretionary, and the court declines to impose them here. Debtor's motion tests the outer limit of what constitutes an emergency, and is arguably not an emergency at all. But the court is mindful that the judicial process – especially in bankruptcy matters – must be efficient and nimble in resolving disputes. Falcon has not demonstrated that it is more likely than not that Debtor's Motion abused this process. Accordingly, the court **denies** the Opposition's request for attorney fees and costs.

If the parties are prepared to submit to this tentative ruling, they may notify the courtroom deputy and appearances will be excused.